STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Weston        }
Boardman                       }
                               }  Docket No. 240-12-99 Vtec
                               }
                               }

DECISION and ORDER

Appellant Weston Boardman appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford, denying him conditional use approval of his application for a Home Industry permit to repair and inspect vehicles and to dispatch towing vehicles in response to customers= calls. The denial was based on only two of the five conditional use standards, which were the only ones challenged in the appeal: whether the proposal will adversely affect the rural residential character of the area and whether the proposal will adversely affect the capacity of Valley View Road safely to accommodate the expected traffic flows.

Appellant is represented by Harry A. Black, Esq.; the Town of Hartford is represented by Kimberlee J. Sturtevant, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant owns a 4.1-acre lot located at 398 Valley View Road in the Rural Lands 5 zoning district of the Town of Hartford. The opposite side of the lot from Valley View Road is bounded by Interstate 89. A driveway extends from Valley View Road around the back of the house and back to Valley View Road. A pond is located on the northeasterly side of Appellant= s property. Appellant resides in the house on the premises, which includes a large garage. A dumpster is located on Appellant= s property close to the westerly property line. The adjoining neighbor to the west of Appellant= s property operates a day care for four children on that adjacent property. The driveway of another adjoining neighbor across the road from Appellant= s property is located directly across Valley View Road from the easterly end of Appellant= s driveway. Valley View Road is a Class 3 dead-end road, with a public portion serving 18 properties, and a private portion serving five properties. To and beyond Appellant= s property, the road has a paved width of 18' and is maintained year-round.

The Hartford Zoning Regulations provide both for the use category of > home occupation= and for the use category of > home industry.= A home occupation is limited to occupations customary in residential areas and which do not change the residential character of the area, and is allowed in all districts . A Home industry@ is defined as A [u]se of a dwelling and/or land and accessory structures by a full-time resident of that dwelling for a business or commercial

occupation.@ It is a conditional use in the Rural Lands 5 district. Appellant= s application is for a home industry and not a home occupation.

Appellant= s property is well-screened by vegetation from the westerly neighbor. However, passers-by on Valley View Road can see the dumpster and can see any vehicles parked near the dumpster near the westerly arm of the circular drive, and can see obliquely down the easterly arm of the circular drive to part of the working area down near Interstate 89 behind the house. However, as Appellant= s land slopes downwards from Valley View Road towards Interstate 89, the working yard and garage door on the northerly (Interstate 89) side of the house is fairly well-screened by the house from passers-by on Valley View Road. The easterly arm of the circular drive is partially screened by vegetation, and the pond is the dominant view from Valley View Road down that arm of the drive.

The traffic on Interstate 89 includes many tractor-trailer trucks as well as passenger vehicles traveling at a high rate of speed at all hours of the day and night. The sound of this traffic is audible from Appellant= s property and from Valley View Road; however, the residents have become accustomed to the traffic noise and are generally not disturbed by it. The noise made by a pneumatic wrench in the yard outside Appellant= s garage is more sudden and disturbing to the neighbors than the constant traffic noise from Interstate 89. Properties in the area are primarily residential in use, with a tree farm and a four-child day care also located on Valley View Road. Properties in the area are wooded, and enjoy views of the hills across the river valley, so that the character of the area is rural and residential, but includes the constant highway noise from Interstate 89.

Since 1986, Appellant has been operating a business at his Valley View Road property for which he buys wrecked motor vehicles, repairs them, inspects them and sells them. Under a 1982 court order, reviewed in 1986, he does not perform work on or inspect others= vehicles at the Valley View Road property. He has performed occasional spray painting of vehicles at the property within the closed garage. Fumes from spray painting can be perceived at or beyond the property boundary. The parties may disagree as to the scope of work Appellant is already allowed to pursue on his own vehicles under the Zoning Regulations and prior court orders; however, that issue is not before the Court in the present appeal as no enforcement action is before the Court. Before Appellant removed many vehicles from the property and opened a body shop and vehicle repair business elsewhere in White River Junction, in 1997, the numbers of vehicles and traffic on the road was greater than at the time this application was made.

Appellant has now applied to conduct, at the Valley View Road property, an inspection and repair business on others= vehicles as well as his own, and also to operate a tow truck from the property. The expected number of round trips to be added to the traffic on the road by the proposed business was estimated by Appellant as two per day by him plus a maximum of five by customers. The largest truck coming to the property is Northeast Waste Disposal, which already comes to the property to pick up waste from the dumpster. Delivery service trucks already come to the property to deliver parts and supplies for Appellant= s work on his own vehicles. The additional seven to ten round trips to be added to the traffic on Valley View Road will not adversely affect the ability of that road to accommodate the added traffic safely.

We note in connection with this standard that ' 2-5.1.3 only requires an analysis of the capacity of the roadway, and not an analysis of the adequacy of the driveway configuration, internal circulation or parking. If site plan approval is required of this project under ' 4-1 of the Zoning Regulations, such an application is not before the Court in this appeal.

Appellant proposes to have no employees other than himself, except for an occasional helper to help him perform tasks, such as placing a windshield, that cannot be done by a single worker. He proposes to accept the following limitations on his operation as conditions of approval: to plant and maintain a screen of evergreen trees to screen the dumpster; to make no other changes to the existing landscaping without applying for an amendment to this permit; to park all motor vehicles on the premises for the purposes of repair behind (to the north of) the house and garage in such a manner as to screen the vehicles so as to screen the motor vehicles from view of passers-by on Valley View Road; to maintain the premises at least as > neat and tidy= as prior to the granting of this permit, in order to preserve the rural character of the area; to maintain no more than one unregistered vehicle on the property at any given time, in compliance with ' 3-13.1 of the Zoning Regulations; to display or offer no more than two vehicles for sale at any given time, in compliance with ' 3-13.2 of the Zoning Regulations; to limit the hours of operation for repair and inspection activities to 8 a.m. to 5 p.m., Monday through Saturday, and to otherwise comply with the Zoning Regulations . Section 3-13.3 also provides that no vehicle larger than 30 feet may be stored on a lot in Residential or Rural districts unless approved as a conditional use; however, Appellant has not sought conditional use approval under that section for storage of vehicles larger than 30 feet at the Valley View property.

With the following necessary conditions, particularly those regulating Appellant= s hours of operation, screening, the use of pneumatic tools, and prohibition of spray painting, Appellant= s proposal will not adversely affect the character of the area, which is rural and residential in character, with agricultural and forestry uses and the constant sound of high-speed vehicular traffic from Interstate 89.

It is hereby ORDERED and ADJUDGED that conditional use approval is granted to Appellant to operate a home industry to repair and inspect vehicles and to dispatch towing vehicles in response to customers= calls, subject to the following conditions and the provisions of the Hartford Zoning Regulations:

1. Appellant shall not maintain on the property any more than one unregistered motor vehicle, including the tractor portion of tractor trailers, at any given time. (' 3-13.1).

2. Appellant shall not offer or display for sale on the property any more than two motor vehicles, including the tractor portion of tractor trailers, at any given time. (' 3-13.2).

3. Appellant shall not store on the property any vehicle larger than 30 feet in length, without obtaining a prior amendment to this permit. (' 3-13.3).

4. Appellant shall comply with the noise performance standard in ' 3-10.1. In particular, to avoid noise representing a repeated disturbance to others as stated in that standard, Appellant shall use

pneumatic tools only within the garage, except as necessary on a vehicle too large to fit within the garage, and shall use pneumatic tools only within the operating hours for the business.

5. Appellant shall not perform spray painting of vehicles or trailers at the property, or the sprayed application of any material (such as the sprayed-in truck bed liners advertised in Town=s Exhibit P) requiring a solvent other than water, without obtaining a prior amendment to this permit and demonstrating compliance with the performance standards in ' 3-10 and any applicable state air pollution standards.

6. Appellant shall operate the home industry business limited to the hours of 8 a.m. to 5 p.m. Monday through Saturday, including the towing of vehicles to the property, except that Appellant may operate the office and telephone functions of the repair and towing business at any time, and may drive an empty tow truck[1] or his personal vehicles to and from the property at any time.

7. Appellant shall have no employees at the Valley View Road site other than himself, except that he may employ an occasional helper to help load and unload supplies and move and place items for which he needs the assistance of another worker.

8. Appellant shall plant and maintain a screen of evergreen trees to block the view of the dumpster from the road. Appellant shall maintain those portions of his property visible from the road or from any neighbor=s property in a reasonably neat and tidy condition.

9. Appellant shall park all motor vehicles which are on the premises for the purposes of repair northerly of the house and garage so as to screen them from view of passers-by on Valley View Road.

10. Appellant may plant additional landscaping materials without a permit amendment, but shall not make any changes to the landscaping involving the removal of any landscaping materials without obtaining a prior amendment to this permit.

Dated at Barre, Vermont, this 31st day of July, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**

[1] That is, he may operate the telephone calls for the dispatching business in the middle of the night, and may drive from the property in the empty tow truck on a call, but must tow the disabled vehicle to another location before returning to the property. The disabled vehicle may then be brought to the property during the operating hours for the business.